FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 18, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ORAY PAPA FIFER,<br><br>　　　　　　Defendant. | NO: 2:21-CR-9-RMP-1<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

　　　　BEFORE THE COURT, without oral argument, is Defendant Oray Papa Fifer's Motion for a Correction of Illegal Sentence and Termination of Supervised Release, ECF No. 31.  The Government responded, ECF No. 40, and Defendant replied, ECF No. 41.  Having reviewed the motion, the record, and the relevant law, the Court is fully informed.

　　　　The Court may terminate an individual's supervised release obligations "at any time after the expiration of one year . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  The Court is to consider the factors set forth in 18 U.S.C. §§

ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE ~ 1

3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). *Id*. District courts have broad discretion when deciding whether to terminate a defendant's term of supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

Defendant was convicted by a jury of four counts of a nine-count Superseding Indictment: (1) Conspiracy to Distribute Controlled Substances, including but not limited to cocaine, methamphetamine, and marijuana, in violation of 21 U.S.C. § 841(a)(1) and § 846; (2) Distribution of Cocaine, in violation of 21 U.S.C. § 841(a)(1); (3) Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1); and (4) Use of a Firearm in a Drug Trafficking Crime, in violation of 21 U.S.C. § 924(c). ECF No. 1-3 at 1. On November 16, 2000, Defendant was sentenced in the District of Montana to twenty years custody for Count One, twenty years for Count Two, and twenty-four months for Count Three, all to be served concurrently. *Id*. at 2. He was sentenced to sixty months for Count Four, to be served consecutively to the other terms imposed. *Id*. His custodial sentence was followed by five years of supervised release. *Id*. Defendant's term of supervised release began on August 4, 2020.[1] ECF No. 20.

---

[1] Defendant's motion states that he was released on September 27, 2020, and reported to his Supervised Release officer "on and about September 30, 2020." ECF No. 31 at 4. However, the supervising probation officer indicated in his petition on April 13, 2022, that Defendant's supervision began August 4, 2020.

ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE ~ 2

Defendant's motion, initially filed *pro se*, argues that his sentence of five years of supervised release was unlawful under 18 U.S.C. § 3583(b)(2). ECF No. 31 at 2–3. Defendant argues that his charges were lowered from Class A felonies to Class C felonies, but that he was sentenced to five years of supervised release, in violation of the statutory maximum term of three years supervised release under 18 U.S.C. § 3583(b)(2) for a Class C felony. *Id*. The Government responds that Defendant was convicted of Title 21 offenses; accordingly, 21 U.S.C. § 841, not 18 U.S.C. § 3583(b)(2), is the controlling provision; and 21 U.S.C. § 841 authorizes Defendant's five-year term of supervised release. ECF No. 40 at 2. In Defendant's reply, in which he is represented by the Federal Defenders of Eastern Washington and Idaho, he "acknowledges unfavorable case law" and appears to abandon his argument that his sentence is illegal. ECF No. 41 at 5–6. Rather, he argues for early termination. *Id*. at 3–5.

Defendant requests early termination of his supervised release for three reasons. *Id*. at 5. First, he argues that the original supervised release term of five years is greater than necessary. *Id*. at 5–6. Defendant notes that 18 U.S.C. § 3583 limits supervised release to not more than three years for a Class C felony. *Id*. at 5. Defendant acknowledges that his case is controlled by 21 U.S.C. § 841(b)(1)(C),

---

ECF No. 20. Accordingly, the Court will rely on the date in the Probation Officer's report.

ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE ~ 3

which supersedes the penalties in § 3583(b). *Id*. at 6. However, because there is no maximum penalty of supervised release in § 841(b)(1)(C), Defendant argues that three years was sufficient. *Id*.

Second, Defendant argues that his participation in programming and services while incarcerated equipped him to quickly and easily integrate back into society without additional supervised release time. *Id*. at 7–8. While incarcerated, he obtained an Associate in Arts degree and completed various other classes. *See* ECF Nos. 41-1 and 41-2. Additionally, the Bureau of Prisons Unit Manager wrote a letter of support for Defendant, as did a personal injury lawyer appointed to represent Defendant in a suit during Defendant's incarceration. *See* ECF Nos. 41-3 and 41-4.

Finally, Defendant argues that his conduct over the past three years while on supervised release shows that early termination is appropriate. ECF No. 41 at 8–13. Defendant points to the strong support system he has established, including family both in and out of state. *Id*. at 8. He also notes his sustained work as a flagger with Spokane Traffic Control, and his desire to acquire a license to practice law in the future. *Id*. at 9–10. Defendant is a member of the board of The Way to Justice, a local non-profit organization for those who have been through the criminal legal system. *Id*. at 10. Additionally, Defendant alleges that terminating his supervised release would allow him to pursue his dream of obtaining his license to practice law under the Washington State Law Clerk Program. *Id*. at 11.

ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE ~ 4

Defendant contends that he has been largely successful while on supervised release. *Id*. He acknowledges his violation in April 2022, when he was arrested for driving under the influence, but he asserts that he took responsibility for his conduct and completed the required substance use classes. *Id*. Defendant notes that this was his only violation during three years of supervision, and the Court imposed no sanctions. *Id*. at 11–12.

The Government indicated that it defers to the Court on whether additional supervised release is appropriate. ECF No. 40 at 2. Defendant's Supervising Probation Officer states that Defendant has done well for himself and is very easy to supervise. The Probation Officer indicates that there is not much that the Probation Office can offer Defendant at this point, aside from occasional check-ins.

The Court is satisfied that early termination is warranted by the conduct of Defendant and the interest of justice. *See* 18 U.S.C. § 3583(e)(1). The Court finds that the nature and circumstances of the offense and the history and characteristics of the defendant in particular weigh in favor of early termination. *See* 18 U.S.C. § 3553(a)(1). Over 23 years have elapsed since Defendant's actions that resulted in his lengthy custodial sentence imposed in 2000, and he has certainly shown the capacity to take responsibility, learn, and grow from his actions. The Court is particularly impressed by the letters of support written on behalf of Defendant. *See* ECF Nos. 41-3, 41-4, and 41-9.

ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE ~ 5

The Court finds that there is not a significant need for additional supervised release, as Defendant has shown the ability to refrain from criminal activity while released and to retain steady employment. *See* 18 U.S.C. §§ 3553(a)(2)(B), (a)(2)(C), (a)(2)(D). In addition, the Court finds that United States Probation Office resources are better utilized supervising other individuals. The Court commends Defendant for his improvement and expects him to continue his progress and commitment to a law-abiding and productive life.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Termination of Supervised Release, **ECF No. 31**, is **GRANTED**.

2. Defendant shall be released immediately from the supervision of the United States Probation Office.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel and to the United States Probation Office.

**DATED** December 18, 2023.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Senior United States District Judge

ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE ~ 6